UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

David Ansell Dorenzo,

        Defendant.

Case. No. 25-cr-00151 (ADM/JFD)

**ORDER**

---

The defendant, David Ansell Dorenzo, has filed a Motion to Reopen Detention Hearing (Dkt. No. 34), and the United States has filed its Response in Opposition to that Motion (Dkt. No. 36). Because Mr. Dorenzo has not met the standards for reopening a detention hearing, the Motion is denied.

This case presents a common pattern. A defendant is brought into federal court with a hold from a Minnesota county or, as in Mr. Dorenzo's case, from the State of Minnesota (through its Department of Corrections). If a detention hearing is held immediately, and the prosecution falls short of making its case for detention without bond pending trial, the victory may be an empty one for the defendant, who is released from federal custody, but simply moved to the custody of the other authority that has detention authority over the defendant. Most defendants, understandably, do not regard a move from one jail to another as the relief they are seeking, and therefore some defendants choose not to contest detention at the outset in federal court, but to waive or "reserve" their detention hearing for the time

(if it ever comes) when the state court hold will have been cleared up, allowing release in federal court to actually mean release. The federal Court, noting the waiver, orders the defendant detained. If the state court hold is lifted, the defendant then files a motion pursuant to 18 U.S.C. § 3142(f) to reopen their detention hearing on the grounds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of detention]."

Mr. Dorenzo is charged with drug crimes that carry a maximum sentence of at least ten years under the Controlled Substances Act, which means a rebuttable presumption in favor of detention is present in this case. 18 U.S.C. § 3142(e)(3)(A). Mr. Dorenzo knowingly, intelligently, and voluntarily waived his right to contest the motion of the United States for detention and was consequently ordered detained on April 23, 2025. (Dkt. No. 15.) At the time he waived detention, the Minnesota Department of Corrections had a detainer filed against Mr. Dorenzo. (Ex. to Def.'s Mot. to Reopen Detention H'rg, Dkt. No. 36.) That detainer has now been lifted. (Dkt. No. 36.)[1] Mr. Dorenzo, asserting that the lifting of this detainer is new and material information, now seeks to relitigate detention.

As a preliminary matter, the Court wishes to make it clear that Mr. Dorenzo had a detention hearing in April. The U.S. Supreme Court has held that a defendant in a criminal case may not be detained before trial unless the Court first conducts a detention hearing at

---

[1] The document from the Minnesota Department of Corrections that is appended to Mr. Dorenzo's Motion states that Mr. Dorenzo is "under supervision as of 07/28/2025." From the fact that Mr. Dorenzo is now under supervision, the Court assumes that he is no longer in custodial status with the Department of Corrections.

which certain minimum standards are observed. *United States v. Salerno*, 481 U.S. 739, 751-52 (1987). The *Salerno* Court noted with approval the Bail Reform Act's standards for a hearing. Among those standards are that the defendant will be represented by counsel, if necessary appointed counsel. The defendant will be "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f).

If Mr. Dorenzo had never had a detention hearing at all, the Court would be obligated to conduct one under *Salerno*'s holding that a defendant cannot be detained without a hearing. However, before entering the Order of Detention in Mr. Dorenzo's case on April 23, 2025, the Court reviewed a bond report prepared by U.S. Pretrial Services. (Dkt. No. 15.) Mr. Dorenzo was represented by counsel. (*Id*.) Mr. Dorenzo was "afforded an opportunity" to testify, present his own witnesses, cross-examine those witnesses called by the prosecutor, and proffer favorable information. That Mr. Dorenzo chose not to avail himself of these opportunities does not mean that he was not afforded them. The Court does not view the question presented by this Motion to be whether Mr. Dorenzo should have a detention hearing at all, but whether his April detention hearing, which was in full compliance with caselaw and the Bail Reform Act, should be reopened.

The question now before the Court is whether the lifting of the detainer on Mr. Dorenzo, when the existence of the detainer was known at the time of the detention hearing, and in light of the information in the Bond Report, is the sort of information contemplated by 18 U.S.C. § 3142(f): information that (1) was unknown at the time of the detention

3

hearing *and* (2) material to the question of detention. If the answer to both questions is yes, Mr. Dorenzo's detention hearing must be reopened, but if the answer to either question is no, Mr. Dorenzo is not entitled to have his detention hearing reopened.

Under the circumstances of this case, the Court answers the second question – is the information material - in the negative. To the first question, whether lifting of a detainer can ever be considered new information, the United States seems to advocate for a per se rule that if a detainer is in place at the time of the detention hearing, the lifting of that detainer cannot be new information. (Govt. Resp. 1, Dkt. No. 36 (characterizing the lifting of the detainer as "a potential circumstance known to the Court at the time he was ordered detained pending this case").) Whether something that has not happened, but might well happen in the future, can be characterized as "known" is an interesting question, but one that need not be analyzed in order to resolve Mr. Dorenzo's Motion, because the Court finds the case for detention presented at the April hearing so strong that the simple lifting of a state court detainer cannot be considered material.

The lifting of that detainer certainly does not rebut the presumption in favor of detention in Mr. Dorenzo's case, especially in light of the Bail Report provided at the time of his April hearing. (Bail Report, Dkt. No. 33.) Mr. Dorenzo was convicted of his first felony in 2014, and since then has compiled a record of uninterrupted criminality that includes theft, domestic assault, firearms offenses, and narcotics offenses. (*Id*. at 5–14.) He has amassed four felony convictions. (*Id*.) Pretrial Services notes that Mr. Dorenzo has committed crimes while under supervision, has a record of failing to appear in court, and

has substance abuse issues. (*Id*. at 14.) While being arrested in 2019, a police officer asked Mr. Dorenzo whether he had any weapons, which drew the response from Mr. Dorenzo that "if I had, you wouldn't have got me." (*Id*. at 11.)

Given the strength of the evidence favoring detention, the Court finds the lifting of the Minnesota Department of Corrections detainer to be immaterial and therefore not the type of information that requires a detention hearing to be reopened under 18 U.S.C. § 3142(f).

The Motion to Reopen Detention is DENIED.

Dated: August 8, 2025            *s/ John F. Docherty*
                                 JOHN F. DOCHERTY
                                 United States Magistrate Judge